UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SPECIALTIES OF MEXICO INC. *et al* | § | |
| | § | |
| Plaintiffs | § | |
| VS. | § | CIVIL ACTION NO. C-09-203 |
| | § | |
| MASTERFOODS USA | § | |

## ORDER OF TRANSFER

On August 14, 2009, Defendant Masterfoods USA, A Division of Mars, Incorporated ("Masterfoods") removed the above-styled case to this Court.  Defendant removed the case to this Court from the 111th District Court of Webb County, Texas.  (D.E. 1, Notice of Removal, p. 1).

Under 28 U.S.C. ' 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States *for the district and division embracing the place where such action is pending.*" 28 U.S.C. ' 1441(a) (emphasis added).  Accordingly, "[a] defendant who wants to remove a civil action from a state court to a federal district court must 'file [its notice of removal] in the district court of the United States for the district and *division* within which such action is pending". Kreimerman v. Casa Veerkamp, S.A. de C.V., 22 F.3d 634, 644 (5th Cir. 1994) (citing 28 U.S.C. ' 1446(a)) (emphasis added).

In this case, the Defendant has removed the case to the wrong division of the Southern District of Texas.  Prior to removal, the state court action was pending in Webb County, Texas. Webb County lies in the Laredo Division of the Southern District of Texas, not the Corpus Christi Division to which Defendant has removed this case. See, e.g., Esquivel v. GAC Express Inc., 2005 WL 3454114, *1 (W.D. Tex. 2005) (citing 28 U.S.C. ' 1441(a)) ("Defendants

removed this action to the wrong division because the San Antonio Division is not the >division embracing the place where [the state] action [was] pending.'   The division of the Western District of Texas 'embracing' Maverick County is the Del Rio Division.").

     28 U.S.C. ' 1406(a) states that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. ' 1406(a).  "The Fifth Circuit has held that transfer under 28 U.S.C. ' 1406(a) is proper where a defendant removed the case to the wrong 'division'".  <u>Serrano v. U.S. Fire Ins. Co.</u>, 2000 WL 33348220, *2 (W.D. Tex. 2000) (citing <u>Kreimerman</u>, 22 F.3d at 645) (citing 28 U.S.C. ' 1406(a)) (holding that "[t]he district court thus should have transferred the case to [the proper] division under the authority of 28 U.S.C. ' 1406(a), which - in the interest of justice - allows a case to be transferred 'to any district or division in which it could have been brought.'").

 In this case, venue is proper in the Laredo Division, rather than the Corpus Christi Division, because Webb County is embraced by the Laredo Division of the Southern District of Texas. Accordingly, pursuant to 28 U.S.C. ' 1406(a), the Court hereby TRANSFERS this case to the Laredo Division of the United States District Court for the Southern District of Texas.

     SIGNED and ORDERED this 17th day of August, 2009.

                                Janis Graham Jack
                              United States District Judge